Ross Leighton *versus* Obed Chapman, *adm'r, appellant from a decree of the Judge of Probate.*

A decree of the Judge of Probate, granting leave to a creditor of an insolvent estate, to institute a suit at common law, is subject to the right of appeal.

But such leave cannot lawfully be given after four years from the time administration on the estate was granted.

Appeal, from a decree of the Judge of Probate, authorizing the plaintiff to commence a suit at law for the recovery of his claim against the estate represented by the defendant, and which claim had been rejected by the commissioners of insolvency.

Before the commissioners the plaintiff's claim was presented, and by them rejected, and an appeal was filed in the probate court, after the commissioners had made their report and returned a list of claims.

Before the *acceptance* of the report, the plaintiff commenced his suit at law, and a nonsuit was ordered by the presiding Judge, and that order as sustained by the full Court.

The plaintiff then, within the two years allowed him for that purpose, applied to the Judge of Probate, for leave to prosecute his claim at common law.  The case was continued from term to term in the probate court, when, after a full hearing, on the seventh day of June, 1848, and more than four years after administration on the estate was granted, the said probate court decreed that the plaintiff should have leave to institute a suit at law, to recover his claim.

From this decree the administrator appealed to this Court, and filed certain reasons therefor. .

*Moulton*, for the administrator.

*Freeman*, for the plaintiff.

Howard, J. — A decree of the Judge of Probate, granting leave to a creditor of an insolvent estate, to institute a suit at common law, under the provisions of the Revised Statutes, c. 123, § 9, is subject to the right of appeal, provided by the Rev. Stat. c. 105, § 25.   *Cooper, petitioner*, 19 Maine, 260.

But the right and power to give such leave, is limited to four years, from the time administration was granted on the estate. The decree, from which this appeal has been taken, was made after the time limited by statute had elapsed, and it cannot be affirmed. *The appeal is sustained, the decree reversed, and the petition dismissed.*